UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

| | |
|---|---|
| GREGORY WILLIAM BECVAR, | CASE NO. 16-01089-5-DMW |
| CYNTHIA ANN BECVAR, | CHAPTER 13 |

DEBTORS

**OBJECTION TO CLAIM**

Now come the debtors, by and through undersigned counsel, pursuant to 11 U.S.C. § 502, and object to Court Claim #5 filed by Lansner & Kubitschek in the amount of $352,384.96.

1. Court Claim #5 alleges an outstanding balance for attorney fees and costs. A copy of the claim is attached as <u>Exhibit A</u> for reference.

2. According to the claim, Mrs. Becvar executed a Retainer Agreement on October 18, 2006. Attachment 3 to the claim indicates that the alleged services were rendered between October 31, 2006 and April 30, 2008, with an additional 42 cents incurred on June 30, 2008 and $40.00 on January 31, 2009. The last payment credited on the account according to the claim was February 29, 2008.

3. The debtors filed this case on March 2, 2016. Thus, regardless whether New York law (6 years) or North Carolina law (3 years) applies, the applicable statute of limitation has run, and the claim should be disallowed.

WHEREFORE, the debtors pray that said Court Claim #5 be disallowed, and that they have such other and further relief as is just and proper.

Dated: June 30, 2016.

SASSER LAW FIRM

/s/ Travis Sasser
Travis Sasser, State Bar No. 26707
2000 Regency Parkway, Suite 230
Cary, NC 27518
Tel: 919.319.7400
Fax: 919.657.7400
tsasser@carybankruptcy.com
Attorney for debtors

| Fill in this information to identify the case: | |
|---|---|
| Debtor 1   Gregory Becvar | FILED |
| Debtor 2   Cynthia Becvar | U.S. Bankruptcy Court |
| (Spouse, if filing) | Eastern District of North Carolina |
| United States Bankruptcy Court   Eastern District of North Carolina | 5/17/2016 |
| Case number:   16-01089 | Stephanie J. Butler, Clerk |

## Official Form 410
## Proof of Claim

04/16

Read the Instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1: Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | Lansner & Kubitschek <br> Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor |
| 2. Has this claim been acquired from someone else? | ☑ No <br> ☐ Yes. From whom? |
| 3. Where should notices and payments to the creditor be sent? <br><br> Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** <br> Lansner & Kubitschek <br> Name <br> 325 Broadway, Suite 203 <br> New York, NY 10007 <br><br> Contact phone _____212-349-0900_____ <br> Contact email ____dlansner@lanskub.com____ <br><br> Uniform claim identifier for electronic payments in chapter 13 (if you use one): <br> _____ | **Where should payments to the creditor be sent? (if different)** <br> Name <br><br><br><br> Contact phone _____ <br> Contact email _____ |
| 4. Does this claim amend one already filed? | ☑ No <br> ☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____ <br>                                                                                              MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No <br> ☐ Yes. Who made the earlier filing? _____ |

Official Form 410                              Proof of Claim                              page 1

*Exhibit A*

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 6492 |
| 7. How much is the claim? | $ 352384.96    **Does this amount include interest or other charges?**<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>Legal services provided |
| 9. Is all or part of the claim secured? | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br><br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $ _____<br>**Amount of the claim that is secured:** $ _____<br>**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $ _____<br><br>**Annual Interest Rate** (when case was filed) _____ %<br>☐ Fixed<br>☐ Variable |
| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |
| 11. Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. Check all that apply: | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | $ |
| | * Amounts are subject to adjustment on 4/1/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

### Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   5/17/2016
MM / DD / YYYY

/s/ David Jeffrey Lansner

Signature

Print the name of the person who is completing and signing this claim:

| | |
|---|---|
| Name | David Jeffrey Lansner |
| | First name   Middle name   Last name |
| Title | Partner |
| Company | Lansner & Kubitschek |
| | Identify the corporate servicer as the company if the authorized agent is a servicer |
| Address | 325 Broadway, Suite 203 |
| | Number  Street |
| | New York, NY 10007 |
| | City  State  ZIP Code |
| Contact phone | 2123490900   Email   dlansner@lanskub.com |

# LANSNER & KUBITSCHEK

ATTORNEYS AT LAW
325 BROADWAY - SUITE 201
NEW YORK, NEW YORK 10007
www.lansnerkubitschek.com
(212) 349-0900
FAX (212) 349-0694

CAROLYN A. KUBITSCHEK
DAVID J. LANSNER
CHRISTOPHER S. WEDDLE

JOY K. MELE
STACY E. CHARLAND
DARIUS CHARNEY
CHARLYNE BRUMSKINE PEAY

JILL M. ZUCCARDY
BARBARA J. SCHAFFER
OF COUNSEL

BARBARA WINTER, L.M.S.W.
SOCIAL WORKER

EULA K. TAYLOR
DANIA T. CORDOVA
DANIEL R. ROZZI
KATHERINE H. BUCKEL
LEGAL ASSISTANTS

## RETAINER AGREEMENT

1. This is a Retainer Agreement between the law firm of Lansner & Kubitschek, 325 Broadway, New York, N.Y. 10007 ("The Firm") and Cynthia Becvar ("The Client").

2. Lansner & Kubitschek will represent the client in the following legal matter: Article 10 Proceeding in Suffolk County Family Court, including interlocutory appellate proceedings ("The Case"). This Agreement does not cover representation in any post-judgment proceedings or appeal, unless otherwise agreed. Representation may be provided by any of the attorneys in the Firm and the attorney handling the Case may consult with other attorneys in the Firm.

3. The advance retainer is $46,000.00. The retainer will cover the firm's preliminary fees and disbursements as calculated in ¶7. Work on the case will not begin until this advance retainer has been paid. It is impossible to predict the total cost of the case.

4. If the Client discharges the Firm, or if the Firm withdraws from representing the Client, prior to the completion of the Case, any portion of the advance retainer which remains, after calculating the fee pursuant to ¶7, will be refunded.

5. The Client has the right to cancel this Agreement at any time and receive such a refund.

6. After the advance retainer is depleted, the Client will promptly pay the fees and expenses as they are billed. There will be a finance charge of 3/4% per month on all balances outstanding for more than 90 days. Whenever the retainer becomes insufficient to cover the anticipated future services or costs, an additional request for advance fees will be sent to the Client.

7. The hourly rates for all work, including travel and telephone calls between attorney and Client, are as follows: David J. Lansner and Carolyn A. Kubitschek: $375.00. Other attorneys: $175.00-300.00. Social workers: $125.00. Law graduates: $125.00. Law students: $100.00. Paralegals: $100.00. Messengers: $25.00. If the Firm raises its regular rates, the hourly fee may

be raised by up to 20% one year from the date of this Agreement and by up to an additional 20% three years from the date of this Agreement. The Client will pay all costs and disbursements reasonably necessary to the proper performance of the legal services, including court and subpoena fees, transcripts, service of papers, travel, copying, postage, long distance calls, messengers, depositions, calendar service, computer research fees, medical and other records, expert witnesses and consultations.

8. There will be no fees except those listed above. The Firm will send the Client an itemized bill every month. The Client will not be charged for time spent discussing the bills.

9. In the event that a dispute arises between us relating to our fees, you may have the right to arbitration of the dispute pursuant to Part 137 of the Rules of the Chief Administrator of the Courts of the State of New York, a copy of which will be provided to you upon request.

10. The Client has the right to be provided with copies of correspondence and documents relating to the Case and to be kept appraised of the status of the case.

11. The Firm may seek a security interest from the Client if the Client is delinquent more than $1,000.00. The Firm may seek to withdraw from the Case for nonpayment of fees if the Client fails to make monthly payments of at least 1/12 of the outstanding balance. The Firm has a right to seek a charging lien from the court.

12. Should a dispute arise concerning the Firm's fee, the Client may seek arbitration or mediation. The Firm shall provide information concerning arbitration in the event of such dispute or on Client's request.

13. The Client also agrees that in the event it becomes necessary for the Firm to bring legal action or arbitration to collect the fee, the Client will be responsible for paying the Firm reasonable counsel fees, including those for the time the Firm spends as their own attorneys.

14. At the conclusion of the legal matter, the Firm will keep the Client's records for a period of seven years. At the end of that period, the Client's records will be destroyed unless the Client makes prior arrangements to pick them up.

Dated: Wednesday, October 18, 2006

LANSNER & KUBITSCHEK by             CLIENT:


*David J. Lansner*                  *Cynthia Becvar*
David J. Lansner                    Cynthia Becvar

# LANSNER & KUBITSCHEK
ATTORNEYS AT LAW
325 BROADWAY - SUITE 201
NEW YORK, NEW YORK 10007
www.lansnerkubitschek.com
(212) 349-0900
FAX (212) 349-0694

CAROLYN A. KUBITSCHEK
DAVID J. LANSNER
CHRISTOPHER S. WEDDLE

JOY K. MELE
STACY E. CHARLAND
DARIUS CHARNEY
CHARLYNE BRUMSKINE PEAY

JILL M. ZUCCARDY
BARBARA J. SCHAFFER
OF COUNSEL
BARBARA WINTER, L.M.S.W.
SOCIAL WORKER

EULA K. TAYLOR
DANIA T. CORDOVA
KATHERINE H. BUCKEL
LINETTE PADRON
LEGAL ASSISTANTS

## RETAINER AGREEMENT

1. This is a Retainer Agreement between the law firm of Lansner & Kubitschek, 325 Broadway, New York, N.Y. 10007 ("The Firm") and Cynthia Becvar ("The Client").

2. Lansner & Kubitschek will represent the client in the following legal matter: child support proceeding and such other matters as the parties may agree upon ("The Case"). This Agreement does not cover representation in any post-judgment proceedings or appeal, unless otherwise agreed. Representation may be provided by any of the attorneys in the Firm and the attorney handling the Case may consult with other attorneys in the Firm.

3. There will be no advance retainer. It is impossible to predict the total cost of the case.

4. If the Client discharges the Firm, or if the Firm withdraws from representing the Client, prior to the completion of the Case, any portion of the advance retainer which remains, after calculating the fee pursuant to ¶7, will be refunded.

5. The Client has the right to cancel this Agreement at any time and receive such a refund.

6. The Client will promptly pay the fees and expenses as they are billed. There will be a finance charge of 3/4% per month on all balances outstanding for more than 90 days. Whenever the retainer becomes insufficient to cover the anticipated future services or costs, an additional request for advance fees will be sent to the Client.

7. The hourly rates for all work, including travel and telephone calls between attorney and Client, are as follows: David J. Lansner and Carolyn A. Kubitschek: $375.00. Other attorneys: $175.00-300.00. Social workers: $125.00. Law graduates: $125.00. Law students: $100.00. Paralegals: $100.00. Messengers: $25.00. If the Firm raises its regular rates, the hourly fee may be raised by up to 20% one year from the date of this Agreement and by up to an additional 20% three years from the date of this Agreement. The Client will pay all costs and disbursements

reasonably necessary to the proper performance of the legal services, including court and subpoena fees, transcripts, service of papers, travel, copying, postage, long distance calls, messengers, depositions, calendar service, computer research fees, medical and other records, expert witnesses and consultations.

8. There will be no fees except those listed above. The Firm will send the Client an itemized bill every month. The Client will not be charged for time spent discussing the bills.

9. In the event that a dispute arises between us relating to our fees, you may have the right to arbitration of the dispute pursuant to Part 137 of the Rules of the Chief Administrator of the Courts of the State of New York, a copy of which will be provided to you upon request.

10. The Client has the right to be provided with copies of correspondence and documents relating to the Case and to be kept appraised of the status of the case.

11. The Firm may seek a security interest from the Client if the Client is delinquent more than $1,000.00. The Firm may seek to withdraw from the Case for nonpayment of fees if the Client fails to make monthly payments of at least 1/12 of the outstanding balance. The Firm has a right to seek a charging lien from the court.

12. Should a dispute arise concerning the Firm's fee, the Client may seek arbitration or mediation. The Firm shall provide information concerning arbitration in the event of such dispute or on Client's request.

13. The Client also agrees that in the event it becomes necessary for the Firm to bring legal action or arbitration to collect the fee, the Client will be responsible for paying the Firm reasonable counsel fees, including those for the time the Firm spends as their own attorneys.

14. At the conclusion of the legal matter, the Firm will keep the Client's records for a period of seven years. At the end of that period, the Client's records will be destroyed unless the Client makes prior arrangements to pick them up.

Dated: December 11, 2006

LANSNER & KUBITSCHEK by                CLIENT:

_____                _____
David J. Lansner                       Cynthia Becvar

# LANSNER & KUBITSCHEK

ATTORNEYS AT LAW
325 BROADWAY - SUITE 201
NEW YORK, NEW YORK 10007
www.lansnerkubitschek.com
(212) 349-0900
FAX (212) 349-0694

CAROLYN A. KUBITSCHEK
DAVID J. LANSNER
CHRISTOPHER S. WEDDLE

JOY K. MELE
STACY E. CHARLAND
DARIUS CHARNEY
CHARLYNE BRUMSKINE PEAY

JILL M. ZUCCARDY
BARBARA J. SCHAFFER

OF COUNSEL
BARBARA WINTER, L.M.S.W.
SOCIAL WORKER

EULA K. TAYLOR
DANIA T. CORDOVA
KATHERINE H. BUCKEL
LINETTE PADRON
LEGAL ASSISTANTS

## STATEMENT OF CLIENT'S RIGHTS AND RESPONSIBILITIES

Your attorney is providing you with this document to inform you of what you, as a client, are entitled to by law or by custom. To help prevent any misunderstanding between you and your attorney please read this document carefully.

If you ever have any questions about these rights, or about the way your case is being handled, do not hesitate to ask your attorney. He or she should be readily available to represent your best interests and keep you informed about your case.

An attorney may not refuse to represent you on the basis of race, creed, color, sex, sexual orientation, age, national origin or disability.

You are entitled to an attorney who will be capable of handling your case; show you courtesy and consideration at all times; represent you zealously; and preserve your confidences and secrets that are revealed in the course of the relationship.

You are entitled to a written retainer agreement which must set forth, in plain language, the nature of the relationship and the details of the fee arrangement. At your request, and before you sign the agreement, you are entitled to have your attorney clarify in writing any of its terms, or include additional provisions.

You are entitled to fully understand the proposed rates and retainer fee before you sign a retainer agreement, as in any other contract.

You may refuse to enter into any fee arrangement that you find unsatisfactory.

Your attorney may not request a fee that is contingent on the securing of a divorce or on the amount of money or property that may be obtained.

Your attorney may not request a retainer fee that is non-refundable. That is, should you discharge your attorney, or should your attorney withdraw from the case, before the retainer is used up, he or she is entitled to be paid commensurate with the work performed on your case and any expenses, but must return the balance of the retainer to you. However, your attorney may enter into a minimum fee arrangement with you that provides for the payment of a specific amount below which the fee will not fall based upon the handling of the case to its conclusion.

You are entitled to know the approximate number of attorneys and other legal staff members who will be working on your case at any given time and what you will be charged for the services of each.

You are entitled to know in advance how you will be asked to pay legal fees and expenses, and how the retainer, if any, will be spent.

At your request, and after your attorney has had a reasonable opportunity to investigate your case, you are entitled to be given an estimate of approximate future costs of your case, which estimate shall be made in good faith but may be subject to change due to facts and circumstances affecting the case.

You are entitled to receive a written, itemized bill on a regular basis, at least every 60 days.

You are expected to review the itemized bills sent by counsel, and to raise any objections or errors in a timely manner. Time spent in discussion or explanation of bills will not be charged to you.

You are expected to be truthful in all discussions with your attorney, and to provide all relevant information and documentation to enable him or her to competently prepare your case.

You are entitled to be kept informed of the status of your case, and to be provided with copies of correspondence and documents prepared on your behalf or received from the court or your adversary.

You have the right to be present in court at the time that conferences are held.

You are entitled to make the ultimate decision on the objectives to be pursued in your case, and

to make the final decision regarding the settlement of your case.

Your attorney's written retainer agreement must specify under what circumstances he or she might seek to withdraw as your attorney for nonpayment of legal fees. If an action or proceeding is pending, the court may give your attorney a "charging lien," which entitles your attorney to payment for services already rendered at the end of the case out of the proceeds of the final order or judgment.

You are under no legal obligation to sign a confession of judgment or promissory note, or to agree to a lien or mortgage on your home to cover legal fees. Your attorney's written retainer agreement must specify whether, and under what circumstances, such security may be requested. In no event may such security interest be obtained by your attorney without prior court approval and notice to your adversary. An attorney's security interest in the marital residence cannot be foreclosed against you.

You are entitled to have your attorney's best efforts exerted on your behalf, but no particular results can be guaranteed.

If you entrust money with an attorney for an escrow deposit in your case, the attorney must safeguard the escrow in a special bank account. You are entitled to a written escrow agreement, a written receipt, and a complete record concerning the escrow. When the terms of the escrow agreement have been performed, the attorney must promptly make payment of the escrow to all persons who are entitled to it.

In the event of a fee dispute, you may have the right to seek arbitration. Your attorney will provide you with the necessary information regarding arbitration in the event of a fee dispute, or upon your request.

Receipt Acknowledged:

_____        _____
Cynthia Becvar                                          David J. Lansner

_____
December 11, 2006

Date: 04/30/2016  
Thru 04/30/2016

**Tabs3 Client Ledger Report**

Page: 1

| Date | Ref # | Stmt # | Fee Amount | Hours | Expense Amount | Advance Amount | Finance Charge | Payment Amount | Apply to Stmt # | Bill Total | Balance Due |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **2006492.01M Becvar/ Cynthia** | | | | | | | | | | | |
| **RE: Child Welfare Parent** | | | | | | | | | | | |
| 10/18/2006 | 1 | 1 | | | | | | 46,000.00R | | | -46,000.00 |
| 10/31/2006 | 2 | 1 | 18,322.50 | 81.90 | 327.23 | | | | | 18,649.73 | -27,350.27 |
| 11/30/2006 | 3 | 2 | 15,081.55 | 93.80 | 826.21 | | | | | 15,907.76 | -11,442.51 |
| 12/31/2006 | 4 | 3 | 13,287.50 | 64.60 | 358.22 | | | | | 13,645.72 | 2,203.21 |
| 01/31/2007 | 5 | 4 | 8,560.00 | 36.65 | 869.45 | | | | | 9,429.45 | 11,632.66 |
| 02/28/2007 | 6 | 5 | 4,710.00 | 19.45 | 282.27 | | | | | 4,992.27 | 16,624.93 |
| 03/31/2007 | 7 | 6 | 19,395.00 | 120.60 | 676.31 | | | | | 20,071.31 | 36,696.24 |
| 04/30/2007 | 8 | 7 | 7,472.50 | 31.55 | 94.69 | | 16.30 | | | 7,583.49 | 44,279.73 |
| 05/31/2007 | 9 | 8 | 7,075.00 | 23.55 | 61.84 | | 89.06 | | | 7,225.90 | 51,505.63 |
| 06/30/2007 | 10 | 9 | 13,805.00 | 79.90 | 242.74 | | 127.93 | | | 14,175.67 | 65,681.30 |
| 07/31/2007 | 11 | 10 | 2,424.00 | 16.22 | 1,360.00 | | 284.24 | | | 4,068.24 | 69,749.54 |
| 08/09/2007 | 12 | 11 | | | | | | 80.00R | | | 69,669.54 |
| 08/31/2007 | 13 | 11 | 8,362.00 | 61.16 | 748.80 | | 341.42 | | | 9,452.22 | 79,121.76 |
| 09/30/2007 | 14 | 12 | 23,696.50 | 214.84 | 989.06 | | 387.40 | | | 25,072.96 | 104,194.72 |
| 10/31/2007 | 15 | 13 | 41,712.50 | 252.75 | 639.47 | | 503.45 | | | 42,855.42 | 147,050.14 |
| 11/30/2007 | 16 | 14 | 2,632.50 | 26.60 | 4.41 | | 517.69 | | | 3,154.60 | 150,204.74 |
| 12/31/2007 | 17 | 15 | 4,838.75 | 37.90 | 100.91 | | 617.16 | | | 5,556.82 | 155,761.56 |
| 01/31/2008 | 18 | 16 | 27,973.75 | 159.05 | 101.54 | | 817.58 | | | 28,892.87 | 184,654.43 |
| 02/29/2008 | 20 | 17 | 2,645.00 | 13.90 | 2.09 | | 1,052.00 | | | 3,699.09 | 188,353.52 |
| 02/29/2008 | 19 | 17 | | | | | | 40.00R | | | 188,313.52 |
| 03/31/2008 | 21 | 18 | 950.00 | 2.70 | | | 1,149.20 | | | 2,099.20 | 190,412.72 |
| 04/30/2008 | 22 | 19 | 870.00 | 4.50 | 0.86 | | 1,151.91 | | | 2,022.77 | 192,435.49 |
| 05/31/2008 | 23 | 20 | | | | | 1,412.99 | | | 1,412.99 | 193,848.48 |
| 06/30/2008 | 24 | 21 | | | 0.42 | | 1,393.52 | | | 1,393.94 | 195,242.42 |
| 07/31/2008 | 25 | 22 | | | | | 1,456.48 | | | 1,456.48 | 196,698.90 |
| 08/31/2008 | 26 | 23 | | | | | 1,471.64 | | | 1,471.64 | 198,170.54 |
| 09/30/2008 | 27 | 24 | | | | | 1,434.64 | | | 1,434.64 | 199,605.18 |
| 10/31/2008 | 28 | 25 | | | | | 1,493.12 | | | 1,493.12 | 201,098.30 |
| 11/30/2008 | 29 | 26 | | | | | 1,455.40 | | | 1,455.40 | 202,553.70 |
| 12/31/2008 | 30 | 27 | | | | | 1,515.49 | | | 1,515.49 | 204,069.19 |
| 01/31/2009 | 31 | 28 | 40.00 | 0.10 | | | 1,526.49 | | | 1,566.49 | 205,635.68 |
| 02/28/2009 | 32 | 29 | | | | | 1,388.40 | | | 1,388.40 | 207,024.08 |
| 03/31/2009 | 33 | 30 | | | | | 1,548.29 | | | 1,548.29 | 208,572.37 |
| 04/30/2009 | 34 | 31 | | | | | 1,509.55 | | | 1,509.55 | 210,081.92 |
| 05/31/2009 | 35 | 32 | | | | | 1,572.14 | | | 1,572.14 | 211,654.06 |
| 06/30/2009 | 36 | 33 | | | | | 1,531.79 | | | 1,531.79 | 213,185.85 |
| 07/31/2009 | 37 | 34 | | | | | 1,595.04 | | | 1,595.04 | 214,780.89 |
| 08/31/2009 | 38 | 35 | | | | | 1,606.61 | | | 1,606.61 | 216,387.50 |
| 09/30/2009 | 39 | 36 | | | | | 1,566.42 | | | 1,566.42 | 217,953.92 |
| 10/31/2009 | 40 | 37 | | | | | 1,630.34 | | | 1,630.34 | 219,584.26 |
| 11/30/2009 | 41 | 38 | | | | | 1,589.19 | | | 1,589.19 | 221,173.45 |
| 12/31/2009 | 42 | 39 | | | | | 1,654.80 | | | 1,654.80 | 222,828.25 |
| 01/31/2010 | 43 | 40 | | | | | 1,666.81 | | | 1,666.81 | 224,495.06 |
| 02/28/2010 | 44 | 41 | | | | | 1,516.03 | | | 1,516.03 | 226,011.09 |
| 03/31/2010 | 45 | 42 | | | | | 1,690.61 | | | 1,690.61 | 227,701.70 |
| 04/30/2016 | 46 | 43 | | | | | 124,683.26 | | | 124,683.26 | 352,384.96 |
| Subtotal | | | 223,854.05 | 1,341.82 | 7,686.52 | | 166,964.39 | 46,120.00 | | 398,504.96 | 352,384.96 |
| Total | | | 223,854.05 | 1,341.82 | 7,686.52 | | 166,964.39 | 46,120.00 | | 398,504.96 | 352,384.96 |

MAH                                                                                                                                                          Tuesday 04/26/2016  1:59 pm

**LANSNER & KUBITSCHEK**
Attorneys at Law
325 Broadway, Suite 203
New York, New York 10007
(212) 349-0900

**We've moved just down the hall. Now we're in Suite 203.**
**Please update your records.**

|  |  |
|---|---|
| Cynthia Becvar | Page: 1 |
| 422 Spangel Drive | 04/30/2016 |
| North Babylon, NY 11703 | ACCOUNT NO: 2006492-01M |
|  | STATEMENT NO: 43 |

Child Welfare Parent

INTERIM STATEMENT

| | |
|---|---|
| PREVIOUS BALANCE | $227,701.70 |
| FINANCE CHARGE | 124,683.26 |
| BALANCE DUE | $352,384.96 |

YOUR ACCOUNT IS 150 DAYS PAST DUE

**IF YOU WOULD LIKE TO MAKE A CREDIT CARD PAYMENT PLEASE CONTACT MICHELLE HUEY IN OUR OFFICE**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:

| | |
|---|---|
| GREGORY WILLIAM BECVAR, | CASE NO. 16-01089-5-DMW |
| CYNTHIA ANN BECVAR, | CHAPTER 13 |

DEBTORS

### NOTICE OF OBJECTION TO CLAIM

NOTICE IS HEREBY GIVEN to the creditor/claimant named above that if no response to the Objection to Amount of Claim is filed in writing with the CLERK, U.S. BANKRUPTCY COURT, PO Box 791, RALEIGH, NC 27602, within thirty (30) days of the date of this objection and notice, the relief requested by the Debtors herein maybe granted without hearing or further notice. Any party desiring a hearing must request a hearing in writing with the above clerk within the time herein set forth; otherwise no hearing will be conducted unless the Court, in its discretion, directs that a hearing be set. If a hearing is requested, such hearing will be conducted at a date, time, and place to be later fixed by the Court and the parties requesting such a hearing will be notified accordingly. Any party filing a response and requesting a hearing shall attend the hearing or costs may be assessed against him.

Dated: June 30, 2016.

SASSER LAW FIRM

/s/ Travis Sasser
Travis Sasser, State Bar No. 26707
2000 Regency Parkway, Suite 230
Cary, NC 27518
Tel: 919.319.7400
Fax: 919.657.7400
tsasser@carybankruptcy.com
Attorney for debtors

## CERTIFICATE OF SERVICE

I, Travis Sasser of Cary, NC, certify:

That I am, and at all times hereinafter mentioned, was, more than eighteen (18) years of age;

That on the date stated, I served copies of the Objection to Claim and Notice of Objection to Claim, postage prepaid, enclosed in an envelope which was properly addressed to the persons and entities listed below:

Trustee
***Served Electronically***

Lansner & Kubitschek
Attn: Managing Agent
325 Broadway, Suite 203
New York, NY 10007

Gregory and Cynthia Becvar
213 Swansboro Drive
Cary, NC 27519

I certify under penalty of perjury that the foregoing is true and correct.

Dated: June 30, 2016.

SASSER LAW FIRM
/s/ Travis Sasser
Travis Sasser, State Bar No. 26707
2000 Regency Parkway, Suite 230
Cary, NC 27518
Tel: 919.319.7400
Fax: 919.657.7400
tsasser@carybankruptcy.com
Attorney for debtors